```
UNITED STATES DISTRICT COURT                                       C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
UNITED STATES OF AMERICA,                        :
                                                 :
                                                 :   MEMORANDUM
              -against-                          :   DECISION AND ORDER
                                                 :
                                                 :   19-cr-22 (BMC)
JUSTIN GASS,                                     :
                                                 :
                          Defendant.             :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

Before me is defendant's motion to reduce his sentence pursuant to the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). Defendant requests a reduction in sentence due to the alleged "pain and suffering" to which he has been subjected during his confinement. He alleges that the prison's harsh conditions, coupled with the current COVID-19 pandemic, constitute extraordinary and compelling reasons warranting his release him from prison before the expiration of his sentence.

The motion is denied. First, defendant has not fully exhausted his claim for compassionate release with the Bureau of Prisons. Second, I do not agree that the mere risk of potential exposure to COVID-19 constitutes "extraordinary and compelling reasons."[1]

---

[1] Defendant claims the prison's conditions have caused his "pain and suffering" and thus his motion could also be construed as one brought under 28 U.S.C. § 2241. See Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) ("A motion brought pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as … prison conditions."). However, when a prisoner challenges the conditions of his sentence, "the appropriate remedy is relief from those conditions, not reduction of sentence." O'Brien v. Terrell, No. 10-cv-3042, 2012 WL 2394809, at *1 (E.D.N.Y. June 25, 2012); see Grant v. Terrell, No. 10-cv-2769, 2014 WL 2440486, at *3 (E.D.N.Y. May 29, 2014) (stating a sentence reduction is not a proper remedy under § 2241). Here, defendant specifically requested relief in the form of sentencing "credit" – not injunctive relief. Accordingly, I construe his motion as one brought under the compassionate release statute. In any event, to obtain relief under a § 2241 petition, a defendant must first exhaust his administrative remedies and thus I would have dismissed the petition for the same reason. See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001).

**BACKGROUND**

Over several months in late 2018, defendant committed a series of bank robberies in Queens, New York. During the first bank robbery on August 17, 2018, he walked into a bank and demanded money from the teller by passing her a note, in which he stated, "It's a robbery. Don't give me any dye packs." As the teller proceeded to give defendant money, he told her to "hurry up, give me more, you've got more, hurry up so no one gets hurt." Two weeks later, he entered a second bank and similarly passed a note to the teller. This one read, "GIVE ME THE MONEY NO FUNNY STUFF I KNOW WHERE YOU LIVE." The third bank robbery transpired six days later. On this occasion, defendant walked into the bank, passed a note to the teller, and proceeded to motion to his waistband to insinuate he had a firearm. From these three robberies, defendant walked away with around $9,000.

Defendant pled guilty to three counts of bank robbery, in violation of 18 U.S.C. § 2113(a). For his transgressions, I sentenced him to 77 months' imprisonment on December 3, 2019. Since then, defendant has been confined at the Metropolitan Correctional Center. According to defendant, the conditions at the MCC have caused him "pain and suffering." Specifically, he complains that he is locked in a prison cell with "no toilet paper," freezing conditions, and black mold. He also alleges that there are mice in the prison. When it comes to food, he is dissatisfied because bologna sandwiches have been served to the prisoners for "months upon months." Due to the risks posed by COVID-19, defendant is confined to his cell and kept in "non-stop" solitary confinement. Lastly, he claims that his personal belongings, including photos of his deceased parents, were thrown away by prison officials. For these reasons, he requests that the Court provide him "credit" in the form of a sentence reduction.

The Government opposes any reduction of sentence on two grounds. First, the Government represents that defendant has failed to exhaust his administrative remedies. Second, according to the Bureau of Prisons, defendant is scheduled to be transferred to another long-term facility in the near future.[2] The Government contends that this upcoming transfer would resolve, and therefore render moot, defendant's complaint of unsatisfactory prison conditions. I am convinced by the Government's first argument and therefore deny the motion.[3]

## DISCUSSION

In general, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant may bring a motion to reduce the term of his imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). A defendant may only apply to the court for release under this provision once he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden." Id. § 3582(c)(1)(A).

Upon proper exhaustion, a court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. The defendant bears the burden of showing that these factors compel his release. See United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020) (citing United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A

---

[2] The Bureau of Prisons does not publicly release the specific dates of inmate transfers for security reasons.

[3] The Government's representation that defendant is "scheduled" to be transferred from the MCC is insufficient to render moot defendant's motion. See Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996) (stating a transfer from a prison facility moots an action for injunctive relief against the transferring facility). Until defendant is transferred to his new facility, he remains subjected to the prison conditions from which his alleged suffering arises.

party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.")).

Absent a terminal illness, the Sentencing Commission would permit compassionate release because of a defendant's medical condition if he is "suffering from a serious physical or medical condition ... that substantially diminishes [his] ability ... to provide self-care within the environment of a correctional facility and from which he ... is not expected to recover." U.S.S.G. § 1B1.13 Application Note 1(A).  Release may also be appropriate if there exists some other "extraordinary and compelling reason" not specifically provided for in the Guidelines.  Id. § 1B1.13(1)(D).  Of course, any early release should be predicated on a finding that the "defendant is not a danger to the safety of any other person or to the community."  Id. § 1B1.13(2).

Here, as a threshold matter, defendant has not yet "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his behalf]."  Defendant has provided neither argument nor evidence that he has even attempted to present his petition for a sentence reduction to the MCC's Warden.  The Government represents that he has not.  Therefore, because defendant has not fully exhausted his administrative remedies or demonstrated that the warden has failed to act upon his petition within 30 days, this motion is premature.

But even on the merits of defendant's request, I can't find that he has demonstrated "extraordinary and compelling" reasons justifying relief.  Although defendant makes a passing reference to COVID-19, he does not allege that he has been exposed to the virus.  Furthermore, defendant is 41 years old and lacks any pre-existing medical conditions.  He does not even fall into the categories of individuals particularly susceptible to experiencing severe complications should they become infected with the virus.  I therefore cannot find that the danger defendant

faces from the mere threat of exposure to COVID-19 constitutes an extraordinary and compelling reason for granting compassionate release. See United States v. Korn, No. 15-cr-815, 2020 WL 1808213, at *7 (W.D.N.Y. April 9, 2020) (finding that the "mere possibility of contracting a communicable disease, in the absence of any [BOP] failures," is insufficient).

I have also considered the factors set forth under 18 U.S.C. § 3553(a), and their application to defendant's case militate against granting relief. In particular, defendant was convicted of perpetrating a series of brazen bank robberies. In every instance, he used the threat of violence and fear to achieve his felonious objectives and, in one instance, insinuated that he had a firearm. Based on the seriousness and frequency of his crimes, I sentenced him to 77 months' imprisonment less than a year ago, and he has served only a fraction of this sentence.

Defendant implores the Court for leniency, claiming that the "MCC is the worst experience of my entire life." But to reduce defendant's sentence would be diminishing his offenses and undermining the goals of my original sentence, among them, the need to provide just punishment and to make defendant realize the consequences of his self-destructive behavior. I am therefore unpersuaded that he warrants more compassion and understanding than I demonstrated when I imposed, for multiple bank robberies, a below-guidelines sentence.[4]

## CONCLUSION

Defendant's motion to reduce his sentence [28] is denied.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
      August 4, 2020

---

[4] The guidelines called for a sentence in the range of 92 to 115 months' imprisonment.